UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN C. BOWEN, III,  :
  :
        Petitioner  : CIVIL NO. 1:CV-16-2158
vs.  :
  : (Judge Caldwell)
TAMMY FERGUSON, *et al.*,  :
  :
        Respondents  :

*M E M O R A N D U M*

I. *Introduction*

Pursuant to the mailbox rule, on October 20, 2016, Stephen C. Bowen, a state inmate incarcerated at the Benner Township State Correctional Institution (SCI-Benner), in Bellefonte, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. He challenges his 2011 conviction in the Court of Common Pleas of York County, Pennsylvania, for fleeing or attempting to elude police and driving under the influence of a controlled substance. (ECF No. 1, Pet.)

Respondent asserts that the Petition is time-barred and, in the alternative, argues that Bowen has failed to exhaust his state-court remedies on all of the claims raised. Presently before the court is Bowen's motion to withdraw his Petition so he may exhaust his state-court remedies (ECF No. 12) and his motion for equitable tolling of the limitations period. (ECF No. 14).

For the reasons that follow, Bowen's motions will denied and his Petition dismissed as time-barred. No certificate of appealability will be issued.

II.    *Background and Procedural History*

On April 5, 2011, Bowen was convicted in the Court of Common Pleas of York County, Pennsylvania, for fleeing or attempting to elude police and driving under the influence of a controlled substance. *See Commonwealth v. Bowen*, CP-67-CR-2096-2010 (Pa. Ct. Com. Pl. York Cnty.)[1]  Petitioner was sentenced on June 1, 2011, and received a term of imprisonment of three and one-half years to seven years.  The Pennsylvania Superior Court affirmed Bowen's conviction and sentence on direct appeal on October 3, 2012.  *See  Commonwealth v. Bowen*, 1798 MDA 2011 (Pa. Super. 2012).  On April 9, 2013, the Pennsylvania Supreme Court denied Bowen's Petition for Allowance of Appeal. *Commonwealth v.  Bowen*, 867 MAL 2012 (Pa. 2012).

On July 7, 2014, Bowen filed a petition under the Pennsylvania Post Conviction Relief Act (PCRA).  42 PA. CONS. STAT. ANN. § 9541-9546.  His motion was denied on February 18, 2015.  On March 23, 2015, Bowen filed an appeal with the Pennsylvania Superior Court.  The appeal was denied on June 1, 2016.  *Commonwealth v. Bowen*, 514 MDA 2015 (Pa. Super. 2016).  Bowen did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Bowen filed his habeas petition on October 20, 2016.  (ECF No. 1, Pet.)  He alleged that his "lawyers all told [him] that an illegal sentence has no time bar."  (*Id*., p. 13.) Respondent argues that the Petition is time-barred.  (ECF No. 9, Resp.)  In his Reply,

---

[1]    The court takes judicial notice of the trial court's docket sheet available via Pennsylvania's Unified Judicial Docket System, docket research at: https://ujsportal.pacourts.us.

Bowen contends that "[e]quitable tolling is not now nor will it ever be an issue in [his] § 2254, due to it having been filed well within one year of the Pennsylvania Superior Court . . . having affirmed the lower court's ruling on 1 June, 2015."  (ECF No. 13, Reply, p. 2.)

Bowen also filed a motion to withdraw his Petition (ECF No. 12) so that he may return to state court to address his unexhausted claims.

He then filed a motion for equitable tolling of the limitations period, asserting that he has diligently pursued appeal of his conviction. (ECF No. 14).  He contends that the "extraordinary demands of successfully completing the Therapeutic Community was the precluding factor which impeded [his] ability to fully investigate the valid § 2254 claims contained" in his Petition.  (*Id.*, p. 1).  Bowen does not provide any specific start or completion dates of his participation in the Therapeutic Community.  Conceding that his petition is time-barred, he adds that he "was unaware that the tolling began when the P.C.R.A. time began.  Petitioner was under the impression that the tolling did not begin until 'ALL' state remedies were exhausted.  Petitioner prays that [the Court] forgives petitioner's misunderstanding of the tolling procedure."  (ECF No. 15, p. 2).

III.  *Discussion*

    A.  *Relevant Law*

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment.  *See* 28 U.S.C. §2244(d)(1).  As relevant here, the limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  *Id.*  This language

-3-

applies to the right to seek certiorari review in the United States Supreme Court and means that the judgment does not become final until the ninety-day period for seeking such review expires, even if review is not sought. *Morris v. Horn,* 187 F.3d 333, 337 n.1 (3d Cir. 1999).

The one-year federal limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); 28 U.S.C. § 2244(d)(2). A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). An untimely petition for allowance of appeal, filed *nunc pro tunc,* with the Pennsylvania Supreme Court is not "properly filed." *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004).

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). The diligence required for equitable tolling is reasonable diligence, not maximum, extreme or exceptional diligence. *Holland*, 560 U.S. at 2565, 130 S.Ct. at 653. "This obligation does not pertain solely to the

-4-

filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Lacava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999).

The determination is made on a case-by-case basis. *Ross v. Varano,* 712 F.3d 784, 799 (3d Cir. 2013). Extraordinary circumstances have been found when: (1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum. *Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008); *Jones,* 195 F.3d at 159. The Third Circuit also has emphasized that equitable tolling should be applied sparingly. *See Lacava*, 398 F.3d at 275; *Schlueter v. Varner*, 384 F.3d 69, 75-76 (3d Cir. 2004). Nonetheless, even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003)(quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

There is also an "actual innocence" exception to the statute of limitations. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *See McQuiggin v. Perkins*, ___ U.S. ___, ___ , 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). But actual innocence claims are "rarely successful." *Schlup v. Delo*,

513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995).  "[T]he fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir. 2017)(citing *McQuiggin,* ___ U.S. at ___, 133 S. Ct. at 1928). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Sweger v. Chesney,* 294 F.3d 506, 523 (3d Cir. 2002).

### B. The Petition Is Time-Barred

While Bowen concedes his Petition is untimely, the court will review the running of the one-year statute of limitations. The starting date for Bowen's limitations period is ninety days after the Pennsylvania Supreme Court denied review of his direct appeal on April 9, 2013. That would be July 8, 2013. *See* 42 PA. CONS. STAT. ANN. § 9545(b)(3); S.Ct. R. 13(2); *Morris v. Horn*, 187 F.3d 333, 337 and n.1 (3d Cir. 1999). Petitioner therefore had until July 8, 2014, to file a 2254 petition. However, he did not file the instant habeas petition until October 20, 2016, well after the one-year period expired. Consequently, unless the Petition is subject to statutory, equitable or other tolling, it is time-barred.

The limitations period ran for 364 days before Petitioner filed his timely PCRA petition, on July 7, 2014, thereby tolling the limitations period but leaving Petitioner with only one day to file his 2254 petition. The limitations period was tolled from July 7, 2014, until Friday July 1, 2016, thirty days after the Pennsylvania Superior Court affirmed the denial of his PCRA petition on June 1, 2016.

Therefore, Petitioner had until July 5, 2016, to file a timely 2254 petition.[2] Bowen did not do so and thus cannot rely on statutory tolling and his petition is time-barred unless it is subject to equitable tolling.

Bowen argues that he is entitled to equitable tolling because he, a *pro se* litigant, did not understand how the limitations period was calculated. The obligation to exercise reasonable diligence applies to a petitioner's pursuit of relief in the state courts, as well as to the filing of his federal habeas petition. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). It is well-settled that a prisoner's lack of legal knowledge or limited education does not amount to an extraordinary circumstance for equitable tolling purposes. *See LaCava*, 398 F.3d at 276 (reiterating that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citation omitted). Because Bowen does not allege any additional circumstance that would rise to the extraordinary level required for equitable tolling, it is not warranted.

As for the final way Petitioner could have avoided the bar of the statute of limitations, Bowen alleges no facts in support of his actual innocence, nor does he cite any authority that supports the application of the actual innocence exception to toll the limitations period.

---

[2] When a deadline would fall on a weekend or legal holiday, these days are not counted in calculating the deadline. *See* Fed. R. Civ. P. 6(a)(2)(C). So Petitioner's limitations period was extended to Tuesday, July 5, 2016, even though he only had one day to file the petition.

IV. *Certificate of Appealability*

The court will issue an order denying Bowen's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred. The order will also deny a certificate of appealability based on the analysis in this memorandum. However, Bowen is advised that he has the right for thirty (30) days to appeal our order denying his § 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that the court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the appropriate court of appeals. *See* Fed. R. App. P. 22; 3d Cir. L.A.R. 22.1.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 20, 2017